# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CHRISTOPHER LAGOS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:13-cv-11211** |
| | ) | |
| | ) | |
| **FAIR COLLECTION & OUTSOURCING, INC.** | ) | |
| Defendant, | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Christopher Lagos, an individual consumer, against Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## III.     PARTIES

4.  Plaintiff, <u>Christopher Lagos</u> is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Essex County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>Fair Collection & Outsourcing, Inc.</u> is a collection agency and corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Prince George's County</u> at <u>12304 Baltimore Avenue, Suite E, Beltsville, Maryland 20705</u>.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA,

15 U.S.C. § 1692a(6).


7.  At all relevant times, Defendant acted through its duly authorized agents, employees,

officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.


## IV. FACTUAL ALLEGATIONS


8.  Sometime before May of 2013, Plaintiff, Christopher Lagos, incurred a financial

obligation that was primarily for personal, family, or household purposes and is therefore

a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).


9.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Christopher.


10.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal,

family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Christopher and placing collection calls to Christopher prior to May 17, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Upon information and belief, within one year prior to the filing of this complaint, Defendant made misleading and false communications in regards to the immediacy by which they would sue Plaintiff in the event of non-payment on the alleged debt.

13.  Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff within 30 days of its initial communication with Plaintiff, without also stating that Plaintiff still had the opportunity to seek validation of the alleged debt and/or to dispute it; overshadowing Plaintiff's rights under the FDCPA.

**SUMMARY**

14.  All of the above-described collection communications made to Plaintiff Christopher Lagos by this individual Defendant and other collection employees employed by Defendant Fair Collection & Outsourcing, Inc. were made in violation of numerous and

multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

15.  The above-detailed conduct by this Defendant of harassing Christopher in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

16.  As a result of the acts alleged above, Defendant caused Christopher to become very upset because of the illegal manner in which this debt was collected by this Defendant.

17.  Christopher suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

18.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Christopher.

## RESPONDEAT SUPERIOR LIABILITY

19.  The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant Fair Collection & Outsourcing, Inc. who communicated with Plaintiff Christopher Lagos as more further described herein, were

committed within the time and space limits of their agency relationship with their principal, Defendant Fair Collection & Outsourcing, Inc.

20. The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Fair Collection & Outsourcing, Inc. in collecting consumer debts.

21. By committing these acts and omissions against Christopher, this individual Defendant and these other debt collectors were motivated to benefit their principal, Defendant Fair Collection & Outsourcing, Inc.

22. Defendant Fair Collection & Outsourcing, Inc. is therefore liable to Christopher through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Christopher.

## V.     CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.  The foregoing acts and omissions of this Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

(a)  Defendant violated *§1692d* of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the foregoing[;] and

(b)  Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered by the Defendant for the collection of the alleged debt; and

(c)  Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(d)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(e)  Defendant violated *§1692f* of the FDCPA by using unfair or

unconscionable means in connection with the collection of an alleged debt.

25. Defendant's acts as described above were done intentionally with the purpose of coercing Christopher to pay the alleged debt.

26.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Christopher Lagos for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15

U.S.C. § 1692k(a)(3).

D.  Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  May 17, 2013                             RESPECTFULLY SUBMITTED,
                                                 By: /s/ Kevin Crick
                                                 Kevin Crick
                                                 BBO:  680950
                                                 Consumer Rights Law Firm, PLLC
                                                 300 Brickstone Square, Suite 902
                                                 Andover, Massachusetts 01810
                                                 Phone: (978) 212-3300
                                                 Fax#1: (888) 712-4458
                                                 Fax#2: (978) 409-1846
                                                 kevinc@consumerlawfirmcenter.com
                                                 **Attorney for Plaintiff**

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Christopher Lagos demands trial by jury in this action on

all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.